FILED
U.S. DISTRICT COURT
W.D.N.Y BUFFALO

2006 MAR -9 PM 1:03

-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WM TODD OSBORNE, 200500004394,

    Petitioner,

-v-

SARA SPERAZZA,

    Respondent.

05-CV-0905E

**ORDER**

---

By Order filed January 23, 2006, the Court directed petitioner to advise the Court whether or not his state court remedies were exhausted as to all of the claims asserted in his petition, as required by 28 U.S.C. § 2254(b)(1)(A), because it appeared to the Court that petitioner had not exhausted his state court remedies regarding his claim that the extradition proceedings conducted in Niagara County Court were not held in conformance with the laws of New York.

In the Order of January 23, 2006, petitioner was warned that failure to respond to the Order would result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. Petitioner was also advised that such a dismissal would not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition when the claim(s) were either exhausted or the petitioner demonstrates that he is procedurally barred from exhausting the claims and he can show cause for the failure to exhaust and prejudice resulting therefrom.

Petitioner failed to respond to the Order of January 23, 2006. However, on January 27, 2006, petitioner's mail, including the Court's January 23 Order, was returned to the Court with a notation on the envelope that petitioner was no longer at the Niagara County Jail. The Clerk's Office contacted the Niagara County Jail and was advised that petitioner was no longer in the custody of the Niagara County Jail and had been transferred to Kentucky, presumably on the warrant. Accordingly, because the Court finds that petitioner has not exhausted his state court remedies and is no longer in custody of New York officials, the petition is hereby dismissed without prejudice.[1] See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**SO ORDERED.**

S/ Michael A. Telesca

---

MICHAEL A. TELESCA
United States District Judge

Dated:     March 8, 2006
           Rochester, New York

---

[1] The Court notes that petitioner failed to comply with the Court's Local Rule 5.2(d) requiring *pro se* litigants to notify the Court of any change of address. The Rule provides that a failure to notify the Court of a change of address may result in dismissal of the action. Petitioner's failure to comply with Local Rule 5.2(d) also warrants dismissal of this action.